# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60086
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 28, 2020

Lyle W. Cayce
Clerk

ALEJANDRO HERNANDEZ, JR.; EDITH G. ROMAN,

Petitioners-Appellants

v.

COMMISSIONER OF INTERNAL REVENUE

Respondent-Appellee

Appeal from a Decision of the
United States Tax Court
Tax Court No. 3069-17

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Alejandro Hernandez, Jr. and Edith G. Roman appeal a decision of the Tax Court denying a motion to shift the burden of proof to the Commissioner of Internal Revenue ("Commissioner") and holding that there was a deficiency in taxes due in the amount of $5,410[1] for taxable year 2014. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The Commissioner had also initially assessed an accuracy-related penalty of $1,082 but conceded this penalty in its pretrial memorandum to the Tax Court; accordingly, the Tax Court held for Appellants with respect to the accuracy-related penalty.

No. 19-60086

Appellants timely filed a 2014 tax return that included a Schedule C claiming $33,774 in business-related deductions.  Appellants were notified in August 2016 that their return had been selected for examination.  Following examination, the Commissioner issued a deficiency notice disallowing all $33,774 in deductions that Appellants had claimed on their Schedule C and increasing Appellants' income by $1,136 based on a cancellation of debt reported on a Form 1099-C by Department Stores National Bank.

Appellants argue that the process provided during the examination was inadequate and that the Tax Court erred in failing to shift the burden of proof to the Commissioner at trial.  Appellants, relying heavily on this court's decision in *Portillo v. Commissioner of Internal Revenue*, argue that the Commissioner's deficiency determination is a "'naked' assessment without any foundation whatsoever."  932 F.2d 1128, 1133 (5th Cir. 1991) (quoting *United States v. Janis*, 428 U.S. 433, 442 (1976)).

"[We] review[] decisions of the Tax Court using the same standards we use to review the decisions of district courts.  We review findings of fact for clear error and questions of law de novo."  *Williams v. Comm'r*, 795 F. App'x 920, 924 (5th Cir. 2019) (per curiam) (citing *Estate of Duncan v. Comm'r*, 890 F.3d 192, 197 (5th Cir. 2018)).

Appellants' arguments with respect to the conduct of their examination are meritless.  The Tax Court found Appellants' allegations of misconduct against the examiner to be unsubstantiated.  We find no evidence indicating that this finding was clear error.  Regardless, the law is well-settled that "the presumption of correctness generally prohibits a court from looking behind the Commissioner's determination even though it may be based on hearsay or other evidence inadmissible at trial."  *Portillo*, 932 F.2d at 1133; *see also Greenberg's Express, Inc. v. Comm'r*, 62 T.C. 324, 327 (1974) ("[T]his Court will

not look behind a notice of deficiency to examine . . . the propriety of respondent's motives or of the administrative policy or procedure involved in making his determinations.").

The exception to this presumption of correctness, upon which Appellants rely, is where the "government's assessment falls within a narrow but important category of a "'naked" assessment without any foundation whatsoever.'" *Portillo*, 932 F.2d at 1133 (quoting *Janis*, 428 U.S. at 442). "[A] court need not give effect to the presumption of correctness in a case involving unreported income if the Commissioner cannot present some predicate evidence supporting its determination." *Id*. Appellants argue that the Commissioner relies solely on the 1099-C filed by Department Stores National Bank and that a deficiency notice that relies solely on a 1099-C is always a "naked" assessment.

This argument is factually mistaken. The Commissioner did not rely solely on the 1099-C. The presumption of correctness is only rebutted where "the Commissioner cannot present some predicate evidence supporting its determination." *Id*. Whereas, in *Portillo*, the "Commissioner merely matched [the] form 1099 with Portillo's Form 1040 and arbitrarily decided to attribute veracity to [the 1099]," here, the Commissioner conducted further inquiry and did "attempt to substantiate the charge of unreported income by some other means." *Id*. at 1133–34. The Commissioner in this case procured a follow-up affidavit from Department Stores National Bank attesting to the veracity of the 1099-C, matched the debt to a Macy's credit card loan in Hernandez's name, and produced an account statement verifying that the balance on the loan at the time the debt was allegedly cancelled was equal to or greater than the amount cancelled. Aside from their original form 1040, Appellants refused to produce any contrary evidence, including a specific denial that the debt had

been cancelled.  As such, the notice of deficiency is not a naked assessment with respect to the $1,136 of cancelled debt and the Tax Court did not err in denying Appellants' motion to shift the burden to the Commissioner.

With respect to the Schedule C deductions, Appellants' burden shifting argument is inapposite.  "The burden of overcoming the presumption of correctness in a deduction case properly rests with the taxpayer, who is the best source of information for determining entitlement to the claimed deductions." *Sealy Power, Ltd. v. Comm'r*, 46 F.3d 382 (5th Cir. 1995); *see also Portillo*, 932 F.2d at 1134 ("The taxpayer clearly bears the burden of proof in substantiating claimed deductions.").  The Tax Court went to great lengths to elicit some scintilla of evidence, whether documentary or testamentary, to support the claimed deductions, but Appellants refused to provide any substantiation for their claimed Schedule C deductions.  They refused to testify under oath before the Tax Court and provided neither documentation nor any other evidence to support their claims.  Appellants "failed to fulfill [their] statutory obligation to maintain adequate records of [their] business expenditures," and thus the Tax Court correctly found them liable for taxes related to disallowed Schedule C deductions.  *Portillo*, 932 F.2d at 1135 (citing 26 U.S.C. § 6001).

The judgment of the Tax Court is AFFIRMED.